## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. SHERVEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  23-03214 (UNA) |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY *et al*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a Complaint, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted).

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff, a resident of Mount Horeb, Wisconsin, alleges that over the past three years, he has submitted "numerous" requests under the Freedom of Information Act (FOIA) to the CIA and

the National Security Agency (NSA), seeking "information on mind-control, mind-reading, illegal human experimentation, and illegal spying programs." Compl. at 2. Allegedly, both agencies have stated that they could neither confirm nor deny the existence of such records and thus have denied "all of the Plaintiff's requests." *Id*. Plaintiff "alleges that the CIA and NSA are improperly withholding records that would prove that they violated the law by having" such programs. *Id*. He seeks an order compelling them "to process his requests and reveal all of their illegal mind-control programs, mind-reading programs, illegal human experiments, and illegal spying programs." *Id*.

FOIA jurisdiction extends to claims arising from an agency's improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983). An "agency's disclosure obligations are triggered by its receipt of a request that reasonably describes the requested records and is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." *Marcusse v. U.S. Dep't of Just. Off. of Info. Pol'y*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (cleaned up), *aff'd*, No. 14-5073, 2015 WL 1606930 (D.C. Cir. Mar. 24, 2015) (per curiam).

Plaintiff has not identified a specific FOIA request to state a plausible claim. *See Risenhoover v. Stanfield*, 767 F.App'x 12, 13 (D.C. Cir. 2019) (per curiam) (affirming dismissal of "FOIA Civil Complaint" that "failed to identify the FOIA request at issue[,] the nature of the records sought in that request, or the records which appellant believes to have been improperly withheld"). Consequently, this case will be dismissed by separate order.

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge

Date: January 30, 2024